UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEZO G. EDWARDS,<br><br>                  Plaintiff,<br><br>     v.<br><br>DISCIPLINARY HEARING OFFICES,<br><br>                  Defendants. | No.  1:25-cv-01365-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1) |

Plaintiff is a federal prisoner proceeding pro se pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's complaint, filed October 14, 2025.  (ECF No. 1.) On October

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

"Plaintiff challenges the actions of Federal Bureau of Prisons ("FBOP") officials who deprived him of his Fifth Amendment right to due process by (1) refusing to allow him to present witness testimony or documentary evidence in his defense at his disciplinary hearing, (2) issuing a late and defective written decision, (3) failing to provide an impartial hearing body, and (4) engaging in a pattern of unreasonable delay, obstruction, and falsification in the administrative appeals process." (ECF No. 1 at 1.)

On May 11, 2023, Plaintiff was charged with violating prohibitive act 317-failing to follow safety regulations; namely, having the light covered.

On May 16, 2023, a committee action hearing was held and it was determined that Plaintiff committed the prohibited act as charged.

On May 18, 2023, the written committee action decision was delivered to Plaintiff.

2

Plaintiff filed a timely appeal, which was rejected in June 2023.  However, Plaintiff never received a copy of the written response by the Warden.

On or about September 14, 2023, Plaintiff submitted the Western Regional Administrative Remedy Appeal (BP-10), without the aid of a written rejection notice from the Warden.  On January 10, 2024, Plaintiff sent a letter requesting a status update.  Plaintiff received a "Receipt – Administrative Remedy" notice, dated February 21, 2024, which fraudulently noted Plaintiff's BP-10 appeal request was received on February 15, 2024.

Plaintiff then appealed to the Central Office on February 26, 2024, which was marked received on March 8, 2024.  Plaintiff received the rejection notice on June 6, 2024, which was dated March 11, 2024-three days after receipt of Plaintiff's BP-11.  The reason for the rejection stated that a copy of Plaintiff's BP-10 appeal or response was not attached.  However, the BP-11 request clearly stated that a copy of the BP-10 appeal and response were not provided to Plaintiff.

The Central Office is covering up for the Regional Director by refusing to address my claims and to delay the appeal process.

Plaintiff claimed that the UDC committee refused to allow him to present his witness and submit documentary evidence in support of his innocence.  In addition, the unreasonable delay throughout the appeals process has prejudiced Plaintiff.  Plaintiff's cellmate, St. Louis, was also willing to sign an affidavit stating that he covered the light, but Plaintiff's request was denied.

The committee decision was also delivered late on May 18, 2023, since the hearing was held on May 16, 2024.  Pursuant to the inmate handbook, "The UDC MUST give its decision in writing to the inmate by the close of the next work day[.]"  Plaintiff's witness, Cee, went to the security housing unit on May 17, 2023, preventing Plaintiff from being able to secure a witness affidavit to submit with his initial appeal, which continued to prejudice Plaintiff.

///

### III.

### DISCUSSION

**A.     Bivens Claims**

Plaintiff contends that his due process rights were violated at his disciplinary hearing, his

3

inmate appeals were not properly processed and reviewed, and he was denied equal protection of the law.

Not all constitutional cases against federal officers for damages may proceed as Bivens claims. There is a two-part test to determine whether a Bivens action may proceed. Ziglar v. Abbasi, 582 U.S. 138-139 (2017).  To determine whether a Bivens claim is cognizable, a court first "ask[s] whether the case presents 'a new Bivens context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar v. Abbasi, 582 U.S. at 139).  That is, the Court must determine whether the claim presents a new context from the three cases the Supreme Court has allowed to proceed under Bivens: Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388 (1971); Davis v. Passman, 442 U.S. 228 (1979); and Carlson v. Green, 446 U.S. 14 (1980). If the answer is no, the claim may proceed. If the answer is yes, the court must apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding Bivens to the action. Ziglar, 582 U.S. at 136.

In Egbert, the Supreme Court explained that the essential determination is "whether there is any reason to think that Congress might be better equipped to create a damages remedy."  596 U.S. at 492.  If any rational reason exists to defer to Congress to establish a remedy, courts "may not recognize a Bivens remedy."  Id.   Further, the existence of alternative remedial structures within the BOP can be a "special factor" to hesitate in finding an available Bivens remedy.

Turning to Plaintiff's claims, the Supreme Court has never recognized a Bivens remedy for violation of the Due Process Clause of the Fifth Amendment, violation of the Due Process Clause if the Fifth Amendment by failing to respond to an administrative grievance and consequently preventing him from appealing his grievance, and violation of the Equal Protection Clause.  See Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims." (citations omitted)); Vega v. United States, 881 F.3d 1146 (9th Cir. 2018) ("[B]ecause neither the Supreme Court nor we have expanded Bivens in the context of a prisoner's ... Fifth Amendment procedural due process claims arising out of a prison disciplinary process, the circumstances of Vega's case ... plainly present a 'new context' under

4

Abbasi."); Hunt v. Matevousian, 336 F. Supp. 3d 1159, 1169 (E.D. Cal. 2018) ("The Supreme Court has never recognized a Bivens remedy for a Fifth Amendment due process claim relating to the alleged failure of a prison official to provide due process."); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (the Ninth Circuit has held that prisoners do not have a federal constitutional right to an effective grievance or appeal procedure.); Dinkins v. United States, No. 2:21-CV-08942, 2022 WL 16735362, at *16 (C.D. Cal. Aug. 19, 2022) (the "Supreme Court has never recognized a Bivens remedy for a Fifth Amendment due process claim relating to the alleged failure of a prison official to provide due process."); Cunningham v. Milusnic, No. 5:19-CV-01244, 2020 WL 2735403, at *4 (C.D. Cal. Feb. 4, 2020) (concluding that Fifth Amendment due process claim based on ineffective grievance system presented new Bivens context); Stanard v. Dy, 88 F.4th 811, 819 (9th Cir. 2023) (claim that Fifth Amendment rights were violated by disparately treating pre-sentencing and post-sentencing inmates with no rational basis created a new context.); Apodaca v. Jenkins, No. 2:23-cv-04527-MWF-PD, 2023 WL 4683481, at *4 (finding equal protection claim based on inmate's claim of discrimination for being a protective custody detainee presented a new context meaningfully different from the gender-discrimination claim in Davis); Martinez v. U.S. Bureau of Prisons, No. 5:15-cv-02160-TJH (AFM), 2019 WL 5432052, at *16 (C.D. Cal. Aug. 20, 2019) (Fifth Amendment claim that the plaintiff was discriminated for placement in general population based on race presented a new context).

Because these claims arises in a new Bivens context, the second step of the inquiry is required. At the second step, the court must then consider whether there are "special factors" counselling hesitation in expanding the Bivens remedy to the new context. Watanabe v. Derr, 139 F.4th 1056, 1058 (9th Cir. 2025) (citing Ziglar, 582 U.S. at 136). There is no exhaustive list of special factors, but the inquiry is guided by "separation-of-powers principles", meaning that the judiciary should refrain from creating legal remedies where Congress is better suited to do so. Ziglar, 582 U.S. at 133-34.  To determine whether Congress is better suited than the judiciary to create a remedy in the new context, courts will often look to whether Congress created an alternative remedy to address the Plaintiff's alleged harm or whether Congress legislated in the area and specifically declined to create a remedy. Ziglar, 582 U.S. 137, 148.

The Court finds special factors exist here which counsel hesitation in expanding a Bivens remedy to this new context. In the area of prison disciplinary hearing due process, Congress "has already legislated on prison administration without providing a damages remedy against jail officials." See Marquez v. C. Rodriguez, 81 F.4th 1027, 1033 (9th Cir. 2023) (citing 42 U.S.C. § 1997e; Ziglar, 582 U.S. at 148). This suggests that Congress did not want a damages remedy in this area. See Ziglar, 582 U.S. at 148. ("[L]egislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation.")  Furthermore, the existence of alternative remedial structures, including the BOP's administrative grievance process and the Federal Tort Claims Act, would foreclose these claims. See Egbert, 142 S. Ct. at 1806 ("If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new Bivens cause of action.' ") (quoting Ziglar, 582 U.S. at 137). To the extent Plaintiff would argue an alternative remedial structure was unavailable because prison officials interfered with Plaintiff's ability to submit grievances, this argument is insufficient. See Camillo-Amisano v. Fed. Bureau of Prisons, 2023 WL 2658742, at *1 (9th Cir. Mar. 28, 2023) ("[The plaintiff] argues the Administrative Remedy Program is inadequate because it does not provide for damages and BOP employees interfered with his ability to use it, but an alternative remedial structure forecloses a Bivens claim even if it does not provide complete relief.") (internal quotations and citations omitted); Williams v. Verna, 2023 WL 5221062, at *2 (9th Cir. Aug. 15, 2023) (existence of administrative remedies constituted an adequate "alternative remedial structure that precludes Bivens relief" even where prisoner allegedly suffered retaliation for attempting to pursue administrative remedies); see also Dinkins, 2022 WL 16735362, at *16 (declining to expand Bivens remedy to Fifth Amendment due process claim for failure to properly process or respond to grievances, finding that BOP administrative remedy process presented adequate alternative remedy).[1]  Accordingly, Plaintiff's complaint fails

---

[1] Separately, the "First Amendment guarantees a prisoner a right to seek redress of grievances." Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015). However, to the extent Plaintiff intended to assert a claim under the First Amendment, this would likewise present a new Bivens context for which an adequate alternative remedy, such as the BOP's administrative remedy process, is available. See Schwarz v. Meinberg, 761 F. App'x 732, 734 (9th Cir. 2019) ("[T]he Supreme Court has never recognized a Bivens claim under the First Amendment.").

to state a cognizable claim for relief under Bivens and should be dismissed.[2]

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 22, 2026**

STANLEY A. BOONE
United States Magistrate Judge

---

[2] On October 23, 2025, Plaintiff filed a motion to amend the complaint.  (ECF No. 5.)  Plaintiff seeks to convert this action to a "habeas corpus action which states claims cognizable under section 1983."  Plaintiff's motion must be denied as there is no basis to convert this action to a habeas corpus petition.  Indeed, this action was filed as a civil rights complaint under Bivens, and Plaintiff's habeas corpus action was previously denied by this Court as not cognizable.  See Edwards v. Sliver, et al., 1:24-cv-01103-JLT-SKO (HC) (habeas corpus petition challenging disciplinary proceeding regarding violation for covering of light inside cell was dismissed for failure to state a claim), aff'd on appeal.  (ECF Nos. 14, 20.)  Accordingly, Plaintiff's motion to amend the complaint, (ECF No. 5), should be denied as moot.